IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WHITNEY AGNEW                                                                           PLAINTIFF

V.                                                                    CAUSE NO.: 1:10CV161-SA-JAD

CITY OF BOONEVILLE, MISSISSIPPI                                                         DEFENDANT

MEMORANDUM OPINION

Whitney Agnew filed a complaint in the Circuit Court of Prentiss County, Mississippi, alleging wrongful arrest by the Booneville City Police Department and negligent violation of her civil rights by the City of Booneville's employees. The City of Booneville removed the action to this Court on June 25, 2010, and filed a Motion to Dismiss [6]. For the following reasons, the Motion to Dismiss is GRANTED:

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (May 18, 2009) (citing

Twombly, 550 U.S. at 556, 127 S. Ct. 1955). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 1950, 173 L. Ed. 2d 868 (citing FED. R. CIV. P. 8(a)(2)).

*Discussion and Analysis*

Defendant asserts that Plaintiff's claim for civil rights violation can not survive a 12(b)(6) analysis because (1) there is no respondeat superior for constitutional violations of governmental employees; and (2) negligent conduct can not form the basis of a constitutional violation.

Plaintiff's Complaint states that "due to the negligent acts of the employees of the City of Booneville and others, the civil rights of the Plaintiff were violated." Section 1983 provides a vehicle for vindicating the violation of an individual's constitutional rights where those rights are violated by an individual acting under color of law. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994)(citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)). However, in a Section 1983 action the employers and supervisors cannot be held liable for the actions of employees under a respondeat superior theory of liability. Monell v. Dep't of Social Srvs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978). The city is only liable if the plaintiff shows that some policy or custom of the city proximately caused the plaintiff's injury. Piotrowski v. City of Houston, 51 F.3d 512, 517 (5th Cir. 1995). Moreover, Plaintiff must show that the policy was adopted with "deliberate indifference to the known or obvious fact that such constitutional violations would result." James v. Harris County, 577 F.3d 612, 617 (5th Cir. 2009).

Plaintiff has alleged no facts to indicate that any policy-making officials for the city implemented an official policy that caused the alleged constitutional violation, nor has she alleged

a deliberate indifference to any constitutional violations that policy might cause. Indeed, Plaintiff admits any alleged civil rights violation was solely due to the "negligent acts of the employees of the City of Booneville." Thus, Plaintiff has failed to state a claim for a violation of her civil rights.

Moreover, Plaintiff has admitted that the conduct of Booneville's employees would only rise to negligence. Thus, Plaintiff has pled herself out of a federal civil rights claim. See <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991) (allegations that rise to a level of negligence not enough to put forth civil rights violation).

Accordingly, Plaintiff has failed to state a federal cause of action. Therefore, that claim will be dismissed. As the Defendant's claim for removal was based on federal question jurisdiction, the Court declines to exercise jurisdiction over the state law matters, and those shall be dismissed without prejudice.

SO ORDERED, this the 8th day of September, 2010.

                                          **/s/ Sharion Aycock**
                                          **U.S. DISTRICT JUDGE**